**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

RICHMOND NATIONAL
INSURANCE COMPANY,

    Plaintiff,

v.                                                                                            CASE NO:

VILLAGE SQUARE FAMILY LTD and
VERLINS LOUIS, as the Personal
Representative of the Estate of ANNE
LOUIS PIERRE, deceased

    Defendants.
_____/

**COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES**

RICHMOND NATIONAL INSURANCE COMPANY ("Richmond National") files suit against VILLAGE SQUARE FAMILY LTD ("Village Square") and VERLINS LOUIS, as the Personal Representative of the Estate of ANNE LOUIS PIERRE, deceased ("The Estate"), and in support alleges:

**NATURE OF THE ACTION**

1. This is an action for damages and declaratory relief under 28 U.S.C. § 2201 to determine there is no coverage for a shooting at an apartment complex under a commercial general liability policy that includes a so-called Firearms Exclusion and a broad Assault, Battery, Abuse and Related Conduct Exclusion.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship, and the amount in controversy exceeds $75,000 exclusive of interests and costs.

3.      Venue is proper in this district because the shooting occurred in this district, the underlying lawsuit is pending in this district, and otherwise, a "substantial part of the events … giving rise to the claim occurred in this district." *See* 28 U.S.C. § 1391(b)(1).

4.      All conditions precedent occurred, have been performed, or were waived.

## THE PARTIES

5.      Richmond National is a New Hampshire corporation with its principal place of business in Virginia. Richmond National is accordingly a citizen of New Hampshire and Virginia. For purposes of this action, Richmond National is a surplus lines insurer that issued a commercial excess liability policy to Village Square as the Named Insured.

6.      Village Square is a limited partnership organized under the laws of Florida. Village Square's general partner is Delray Village Square Family, LLC ("Delray Village"). Delray Village is a limited liability company organized under the laws of Florida. Delray Village's sole member is Delray Housing Group, Inc. ("Delray Housing"). Delray Housing is a not-for-profit corporation organized under the laws of Florida with a principal place of business in Florida. Village Square is accordingly a citizen of Florida.

7.      As the personal representative of the Estate, Anne Louis Pierre was domiciled in Palm Beach County, Florida. The Estate is accordingly a citizen of Florida.

## THE SHOOTING

8.      On 04/18/2023, Anne Louis Pierre was shot while in her apartment balcony located in the Village Square at Delray Beach Apartments in Delray Beach, Florida.

9.      Pierre was taken to nearby hospital where she ultimately succumbed to her injuries.

10.     On 09/11/2024, the Estate filed suit against the Delray Beach Housing Authority, in the circuit court in and for Palm Beach County, Florida in a case styled *Verlins Louis, as the*

*Personal Representative of the Estate of Anne Louis Pierre v. Delray Beach Housing Authority, et al.*, Case Number 50-2024-CA-009097. (*See* Underlying Complaint, which is attached as Exhibit "A.")

11. On 01/10/2025, the Estate filed an amended complaint to include Village Square as a defendant.

12. In its amended complaint, the Estate alleges that on 04/18/2023, Anne Louis Pierre "was outside on her balcony when she was shot and killed." (*Id.* at ¶8.)

13. Village Square allegedly had a "non-delegable duty to take such precautions as were reasonably necessary to protect its residents and invitees, including [Pierre], from reasonably foreseeable criminal attacks." (*Id.* at ¶25.)

14. Village Square allegedly "knew … that prior to May 31, 2022 [sic], numerous criminal acts including, but not limited to, shootings, assaults, muggings, batteries, burglaries, robberies, and drug dealing, occurred on or around the subject premises[.]" (*Id.* at ¶27.)

15. The Estate alleges "the criminal attack perpetrated against [Pierre] was reasonably foreseeable to Village Square." (*Id.* at ¶29.)

16. Village Square allegedly failed "to warn residents and/or invitees, including [Pierre], of the nature and character of the surrounding area when [Village Square] knew … that numerous criminal incidents of a similar nature … occurred on [Village Square's] premises prior to the incident." (*Id.* at ¶30.)

## THE POLICIES

17. "Surplus lines insurance is a type of insurance available when, due to the nature and severity of the risk, an insured cannot obtain coverage from insurers authorized to do business in the state[.]" *Klopman v. Zurich Am'n Ins. Co. of Illinois*, 233 Fed. Appx. 256, 262 n.1 (4th Cir.

2007). "Florida law requires that surplus lines insurers offer insurance policies that are less favorable to insureds." *Miami Leak Detection & Services, LLC v. Great Lakes Ins.,* SE, 699 F. Supp. 3d 1326, 1333 (S.D. Fla. 2023) (citing Fla. Stat. § 626.916(c)).

18. Village Square could not obtain insurance from an admitted insurer so, as a last resort, it applied for insurance in the surplus lines market.

19. Village Square applied for and purchased a surplus lines commercial general liability policy from Berkley Specialty Insurance Company ("Berkley Specialty") as the Named Insured, bearing Policy Number CGL-0176518-20, and effective from 09/28/2022 to 09/28/2023. (*See* Primary Policy, which is attached as Exhibit "B.")

20. Village Square also applied for and purchased a surplus lines commercial excess liability policy from Richmond National as the Named Insured, bearing Policy Number RN-7-0325139, and effective from 11/28/2022 to 11/28/2023. (*See* Excess Policy, which is attached as Exhibit "C.")

21. Before the excess policy was issued and delivered to Village Square by Richmond National, all the forms and endorsements were disclosed to Village Square in a Quote. (*See* Quote, which is attached as Composite Exhibit "D.")

22. Before the excess policy was issued and delivered to Village Square by Richmond National, all the forms and endorsements were disclosed to Village Square in a Binder. (*See* Binder, which is attached as Composite Exhibit "E.")

23. Village Square accepted all the terms and conditions that were proposed in the Quote and the Binder and accepted all the terms of the Richmond National policy.

24. Richmond National is defending Village Square in the underlying action under a complete reservation of rights, including but not limited to reserving the right to file a declaratory

judgment action and reserving the right to seek reimbursement of all fees and costs incurred by Richmond National for however long Richmond National participates in the defense.

## COUNT I – THERE IS NO COVERAGE UNDER THE FIREARMS EXCLUSION

25. Richmond National incorporates paragraphs 1 through 24.

26. The excess policy follows form to the terms and exclusions of the primary policy. The excess policy's principal coverage form (*see* Ex. C. at Form RNXC 1000 1021, Pg. 1) provides in pertinent part:

**SECTION I – EXCESS LIABILITY INSURANCE COVERAGE**

**INSURING AGREEMENT**

We will pay those sums in excess of the Limits of Insurance of "underlying insurance(s)" that you become legally obligated to pay as damages because of bodily injury or property damage caused by an occurrence…

This policy shall follow the terms, definitions, conditions, and exclusions of the "underlying insurance(s)", subject to the policy period, policy limits, premiums and all other terms, definitions, conditions, and exclusions of this policy. However, if any of the provisions of the "underlying insurance(s)" conflict with any provisions of this policy, the provisions of this policy will apply.

This policy will not in any event provide broader coverage than that provided by the "underlying insurance(s)"….

27. The primary policy includes an endorsement labeled "EXCLUSION – WEAPONS" (as applicable here, "Firearms Exclusion") that provides:

**EXCLUSION – WEAPONS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. The following exclusion is **added** to **2. Exclusions** of **Section I - Coverage A - Bodily Injury And Property Damage Liability**, **Coverage B - Personal And Advertising Injury Liability** and **Coverage C – Medical Payments**:

This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of:

1. The disposal, distribution, importation, maintenance, manufacture, marketing, ownership, packaging, repair, sale, storage, or use of any "weapon".

2. Any "weapon" obtained through theft, burglary, robbery, inventory shortage, shrinkage, or mysterious disappearance, regardless of acts or omissions by you, your employees or any other person.

**B.** The following definition is added to the Definitions section:

"Weapon" means any substance, material, device or instrument that may be used to hunt, fight, cause detriment, inflict harm, restrain, injure, wound or terminate any living being, or destroy, damage, or compromise real or personal property. Weapons include, but are not limited to;

1. Firearms as defined in the Gun Control Act, 18 USC § 921(a)(3), including any amendment thereto, including, but not limited to, any pistol, revolver, shotgun, rifle, machine gun; or

2. Disguised gun, antique gun, BB gun, paintball gun, pellet gun; or

3. Dagger, dirk, razor, stiletto, switchblade knife, gravity knife, metal knuckle knife, box cutter, cane sword, throwing star, throwing dart; or

4. Brass knuckles, sling shot, electronic dart gun, electroshock stun gun, blow-gun; or

5. Pepper spray or other noxious spray; or

6. Explosive powder, or incendiary material including, but not limited to, destructive devices or instruments.

(*See* Ex. B. at Form L301 (06/07), *Pg.* 1/1.)

28. On 04/18/2023, Pierre was shot while at the premises Village Square managed.

29. The Estate sued Village Square over the shooting.

30. Accordingly, Richmond National has no duty to defend or duty to pay damages under the primary policy's Firearms Exclusion.

## COUNT II – THERE IS NO COVERAGE
## UNDER THE ASSAULT AND BATTERY EXCLUSION

31. Richmond National incorporates paragraphs 1 through 24.

32. The excess policy includes an endorsement labeled "ASSAULT, BATTERY, ABUSE AND RELATED CONDUCT EXCLUSION" ("Assault and Battery Exclusion") that provides:

**ASSAULT, BATTERY, ABUSE AND RELATED CONDUCT EXCLUSION** …

I. This insurance does not apply to any claim, "suit", loss, injury, damage, cost or expense whether actual or alleged, in any way based upon, directly or indirectly arising from, in any way related to, or in any way involving "assault and battery", whether provoked or unprovoked.

This exclusion includes but is not limited to:

a. "Assault and battery" between two or more persons, whether caused by, or at the instigation, instruction, direction or due to the negligence of the insured, the insured's employees, agents, patrons, customers, or any other person arising, and from any cause whatsoever;

b. The prevention or suppression, or the failure to suppress or prevent any "assault, and battery";

c. The failure to provide an environment safe from any "assault and battery", the failure to provide adequate security, or the failure to warn of the dangers of the environment that could contribute to any "assault and battery";

d. The reporting or failure to report to the proper authorities;

e. Conducting or failing to conduct an investigation of any "assault and battery";

f. Providing or failing to provide first aid, medical treatment or otherwise handling or responding after there has been an "assault and battery";

g. Caused by, arising out of or resulting from the intoxication of any person.

h. Caused by, arising out of or resulting from false arrest, detention or imprisonment.

    i. The negligent hiring, employment, training, supervision, or retention by the insured of anyone regarding items a. through h. above.

This exclusion applies regardless of fault or intent, and regardless of the particular cause of action against the insured. This exclusion applies to any claim or "suit" where any actual or alleged injury or damage arises out of a chain of events that includes assault, battery, sexual abuse, sexual assault, sexual harassment, intimidation, verbal abuse, harmful or offensive conduct, or threat, regardless of whether any other actual or alleged cause contributed concurrently, initially, efficiently, proximately, or in any other sequence to such claim, suit, loss, injury, damage, cost or expense. This exclusion applies regardless of the actual or alleged use of reasonable force to protect persons or property or whether anyone was actually or allegedly acting in self-defense.

This exclusion overrides and applies regardless of any other provision in the policy to the contrary.

II. For purposes of this endorsement, the following definitions are added:

    a. "Assault and battery" means assault, battery, harmful or offensive contact or threat, sexual abuse, sexual assault, sexual harassment, intimidation, verbal abuse, or any harmful or offensive contact between two or more persons, whether provoked or unprovoked, including but not limited to the ownership, sale, rental, maintenance, use or discharge of any "firearm" or "weapon" by anyone.

    b. "Firearm" means any device capable of expelling or propelling one or more projectiles by the action of an explosive, combustible propellant, compressed air, or other means, including, but not limited to pistols, rifles, or guns.

    c. "Weapon" means any instrument that can be or is utilized in an offensive or defensive nature to injure, damage or harm and includes, but is not limited to, batons, bows or crossbows, arrows, knives, mace, stun guns, or swords.

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED

(*See* Ex. C. at Form RNIL 1019 1021, Pgs. 1–2.)

33. On 04/18/2023, Pierre was shot while at the premises Village Square managed.

34. The Estate sued Village Square over the shooting.

35. Accordingly, Richmond National has no duty to defend and no duty to pay damages under the excess policy's Assault and Battery Exclusion.

### COUNT III – REIMBURSEMENT OF DEFENSE ATTORNEY'S FEES AND COSTS

36. Richmond National incorporates paragraphs 1 through 24.

37. Even though there is no duty to defend under the excess policy, Richmond National agreed to provide Village Square with a defense under a complete reservation of rights, including the right to file a declaratory judgment action and seek reimbursement of all the attorney's fees and costs incurred by Richmond National in providing Village Square with a defense.

38. To the extent Richmond National has no duty to defend or indemnify, Richmond National is entitled to reimbursement from Village Square of the attorney's fees and costs Richmond National incurred defending the underlying lawsuit against Village Square.

### RELIEF REQUESTED

Richmond National respectfully requests that the Court:

a) Take jurisdiction and adjudicate the rights of the parties under the policy.

b) Declare the following:

   i. Richmond National has no duty defend or indemnify Village Square under the primary policy's Firearms Exclusion.

   ii. Richmond National has no duty to defend or indemnify Village Square under the policy's Assault and Battery Exclusion.

   iii. Richmond National is entitled to reimbursement of attorney's fees and expenses incurred defending Village Square because there is no coverage under the policy.

c) Award Richmond National all costs to prosecute this action.

d) Award Richmond National and all other relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

/s/ SINA BAHADORAN
**SINA BAHADORAN**
Florida Bar No. 523364
sina.bahadoran@clydeco.us
**AARON WARREN**
Florida Bar No. 96162
aaron.warren@clydeco.us
**DANIEL TRINCADO**
Florida Bar No. 1034537
daniel.trincado@clydeco.us

Clyde & Co US LLP
1221 Brickell Avenue
Suite 1600
Miami, Florida 33131
T: 305.446.2646